**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 07-21543-CIV-HOEVELER/BROWN**

CARNIVAL CORPORATION and CARNIVAL PLC,
            Plaintiffs,

       v.

INDUSTRIAL RISK INSURERS, LEXINGTON
INSURANCE COMPANY, COMMONWEALTH
INSURANCE COMPANY, ARCH SPECIALTY
INSURANCE COMPANY, GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA, SCOR
REINSURANCE COMPANY, ILLINOIS UNION
INSURANCE COMPANY, ESSEX INSURANCE
COMPANY, and MARSH USA INC.,

            Defendants.

---

**ANSWER AND COUNTERCLAIMS OF**
**ILLINOIS UNION INSURANCE COMPANY**

    Defendant, Illinois Union Insurance Company ("ACE"), by its attorneys, Cozen O'Connor, answers the plaintiffs' Complaint as follows:

    1.    Admits that ACE was a subscriber to a property insurance policy issued to Carnival Corporation and that the policy was in effect from May 1, 2005 through May 1, 2006. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 1 of the Complaint.

    2.    Denies that ACE has refused to pay Carnival for losses and damages arising out of Hurricane Wilma and denies each and every other allegation set forth in paragraph 2 of the Complaint.

3.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

4.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

5.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

2

13.     Admits that ACE is an Illinois corporation with its principal place of business in Chicago, Illinois and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Complaint.

16.     Admits that plaintiffs and ACE are citizens of different states and that the amount in controversy exceeds $75,000.00. Except as specifically admitted, it denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint.

18.     It admits that it agreed to submit to the jurisdiction of any court of competent jurisdiction within the United States and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

3

22.     Admits that in the spring of 2005, Carnival sought to renew a property policy with limits up to $150,000,000. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Complaint.

27.     Admits that it was a subscriber to an all risk first party property insurance policy covering the period, May 1, 2005 to May 1, 2006. It denies that the policy included coverage for Carnival's properties in Mexico and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 27 of the Complaint.

28.     Admits that it subscribed to an all risk first party property insurance policy that covered the period, May 1, 2005 through May 1, 2006, and that it is in possession of a copy of the policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

4

30.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Complaint.

31.     Admits that it was paid a premium based upon its pro rata participation in the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 31 of the Complaint.

32.     Admits that the policy it issued provides certain all risk property insurance as more fully described in the policy, and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 32 of the Complaint.

33.     Admits that it signed the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 33 of the Complaint.

34.     Admits that the policy purports to provide total insurance coverage in the amount of $150,000,000 and that its participation began at excess of $25 million.  It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 34 of the Complaint.

35.     It refers to paragraphs 36 through 41 of this Answer with the same force and effect as if set forth herein and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 35 of the Complaint.

36.     Admits that the primary layer provides for coverage in the amount of $25,000,000, that a policy was issued by GNP covering 60% of $23,734,000 and that a policy was issued by AIG Mexico covering 40% of $23,734,000.  It denies each and every other allegation set forth in paragraph 36 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

5

37.     Denies the allegations set forth in paragraph 37 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 37 of the Complaint.

38.     Admits that its participation in the second layer of the policy is 27.5% of $50,000,000 in excess of $25,000,000.  It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 38 of the Complaint.

39.     Admits that its participation in the third layer of the policy is 18.5% of $75,000,000 in excess of $75,000,000.  It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 39 of the Complaint.

40.     Admits that the GNP policy and the master policy to which ACE subscribed provide coverage for loss and damage to Carnival's property, where not otherwise excluded, subject to the limits of liability set forth therein and the respective terms and conditions of each policy.  It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 40 of the Complaint.

41.     Admits that policies numbered D3590427A 001 and D3590432 001 covering the period, May 1, 2005 – May 1, 2006, and respectively providing for coverages of 27.5% of $50,000,000 in excess of $25,000,000, and 18.5% of $75,000,000 in excess of $75,000,000, are referenced in the schedule annexed to the Complaint as Exhibit "B."  It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 41 of the Complaint.

42.     Admits the allegations set forth in paragraph 42 of the Complaint.

43.     Admits the allegations set forth in paragraph 43 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

6

44.     Admits the allegations set forth in paragraph 44 of the Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Complaint with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 46 of the Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Complaint with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the Complaint.

49.     Admits the allegations set forth in paragraph 49 of the Complaint.

50.     Admits the allegations set forth in paragraph 50 of the Complaint.

51.     Denies that it has failed to recognize the full extent of its obligation under the policy it issued to Carnival. It admits that it disputes Carnival's right to payment of its losses arising out of Hurricane Wilma under the master policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 51 of the Complaint.

52.     Admits the allegations set forth in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

7

54.     Admits the allegations set forth in paragraph 54 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 54 of the Complaint.

55.     Denies that it has failed to honor its obligation under the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 55 of the Complaint.

## ANSWER TO COUNT I – DECLARATORY JUDGMENT

56.     It repeats and realleges paragraphs 1 through 55 of this Answer in response to paragraph 56 of the Complaint, with the same force and effect as if set forth at length herein.

57.     Denies the allegations set forth in paragraph 57 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 57 of the Complaint.

58.     Denies the allegations set forth in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 59 of the Complaint.

60.     Denies that it has failed to honor its obligations under the policy it issued to Carnival and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 60 of the Complaint.

61.     Admits the allegations set forth in paragraph 61 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 61 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

8

62.     Admits that a judicial determination of the parties' rights and obligations under the policy is necessary at this time but reserves as to the appropriate venue for such a declaration, and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 62 of the Complaint.

## ANSWER TO COUNT II – BREACH OF CONTRACT

63.     It repeats and realleges paragraphs 1 through 62 of this Answer in response to paragraph 63 of the Complaint, with the same force and effect as if fully set forth at length herein.

64.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 66 of the Complaint.

## ANSWER TO COUNT III – BREACH OF CONTRACT

67.     It repeats and realleges paragraphs 1 through 66 of this Answer in response to paragraph 67 of the Complaint, with the same force and effect as if fully set forth at length herein.

68.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 68 through 73 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 -- Facsimile 305-704-5955

9

### ANSWER TO COUNT IV – BREACH OF FIDUCIARY DUTY

69.     It repeats and realleges paragraphs 1 through 68 of this Answer in response to paragraph 74 of the Complaint, with the same force and effect as if fully set forth at length herein.

70.     Denies knowledge or information sufficient to form a belief as to paragraphs 75 through 79 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

### ANSWER TO COUNT V – NEGLIGENT FAILURE TO PROCURE

71.     It repeats and realleges paragraphs 1 through 70 of this Answer in response to paragraph 80 of the Complaint, with the same force and effect as if set forth at length herein.

72.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 81 through 84 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

### ANSWER TO COUNT VI – NEGLIGENT FAILURE TO INFORM

73.     It repeats and realleges paragraphs 1 through 72 of this Answer in response to paragraph 85 of the Complaint, with the same force and effect as if set forth at length herein.

74.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 86 through 89 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

### ANSWER TO COUNT VII – NEGLIGENT MISREPRESENTATION

75.     It repeats and realleges paragraphs 1 through 74 of this Answer in response to paragraph 90 of the Complaint, with the same force and effect as if fully set forth herein.

76.     Denies knowledge or information sufficient to form a belief as to paragraphs 91 through 95 of the Complaint, as these allegations have been asserted against a defendant other than ACE.

### FIRST AFFIRMATIVE DEFENSE

77.     Plaintiffs fail to state a claim against defendant, ACE, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

78.     Plaintiffs' claims against defendant, ACE, may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

79.     If plaintiffs were damaged as alleged in the Complaint, such damages being expressly denied, then all such damages were caused and/or brought about, in whole or in part, by the affirmative wrongdoing, fault, poor business judgment, negligence and failure of due care of the plaintiffs and/or their agents and any recovery should thereby be diminished by the portion which the plaintiffs' conduct bears to that which caused the alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

80.     If the plaintiffs sustained any damages as alleged in the Complaint, such damages were caused, aggravated and/or contributed to by the plaintiffs' failure to take reasonable efforts to mitigate damages, and any award to the plaintiffs must be reduced in such proportion to the

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

11

extent that the damage complained of was caused, aggravated and/or contributed to by such failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

81.     All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Complaint.  In addition, ACE will rely upon any and all other and further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves.

## SIXTH AFFIRMATIVE DEFENSE

82.     The contractual relief sought in Plaintiffs' complaint is barred by the doctrine of illegality, insofar as it is illegal for ACE, which is not licensed to issue insurance in Mexico, to issue policies that provide direct coverage for losses sustained by property located in Mexico.

## SEVENTH AFFIRMATIVE DEFENSE

83.     The Complaint should be dismissed on the grounds that a necessary party, Grupo Nacional Provincial, has not been named by the Plaintiffs as a defendant in this proceeding.

## COUNTERCLAIMS

84.     At all times material hereto, Illinois Union Insurance Company ("ACE") was and is a corporation organized and existing under the laws of the State of Illinois with a principal place of business at 525 Monroe Street, Chicago, Illinois.

85.     At all times material hereto, defendant, Carnival Corporation ("Carnival"), is a foreign corporation organized and existing under the laws of Panama, with an office and

principal place of business located at 3655 N.W. 87th Avenue, Miami, Florida, and is engaged in business as a cruise ship company.

## FACTS

86.    In the spring of 2005, Carnival, through its broker, Marsh USA, Inc. ("hereinafter, "Marsh"), sought renewal of an all-risk policy covering the period May 1, 2005 through May 1, 2006, to which ACE, in addition to other insurers, were to be subscribing insurers.

87.    The renewal sought coverage for additional properties that had been recently acquired by Carnival, including a terminal located in Cozumel, Mexico ("Cozumel Terminal"), and which had not been scheduled under the policy covering the May 1, 2004 – May 1, 2005 period.

88.    Marsh identified the properties in Cozumel on a "Statement of Values" dated May 1, 2005, in which it reportedly declared the values, including business interruption, to be $8,575,000 for the Old & New Marine Terminal/Installation and $18,134,000 for the Marine Terminal.

89.    The Statement of Values dated May 1, 2005 was provided by Marsh to ACE and the other subscribing insurers during the course of its application for renewal of its policy.

90.    After premium quotes submitted by ACE and the other subscribing insurers were negotiated and accepted by Marsh, the policy terms and conditions, which were set forth in a CAR Manuscript form that had been prepared by Marsh on behalf of Carnival, was provided to ACE and the other subscribing insurers on or about August 15, 2005.

91.    ACE executed and issued the CAR Manuscript form provided by Marsh (the "Master Policy"), which set forth the respective participation of each subscribing insurer on a

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

13

Subscription Page appended to each policy, a true and accurate copy of which is annexed hereto as Exhibit A.

92.     The participation of ACE, as set forth on the Subscription Page annexed hereto as Exhibit A, is 27.5% of $50,000,000 in excess of $25,000,000, and 18.5% of $75,000,000 in excess of $75,000,000.

93.     The Master Policy contemplated the possibility that coverage might have to be provided in foreign countries which required that insurance for property therein could only be furnished by locally admitted insurers and that coverage under the Master Policy, where illegal, would be excluded.

94.     In order to comply with the laws of foreign countries which only allowed the issuance of insurance policies by local insurers, the Master Policy provided that property located in such countries was expressly excluded from coverage. Specifically, the Master Policy provided at Paragraph 6 as follows:

> The property covered by this policy is that which is situated worldwide (except where providing coverage is, or may be, prohibited by law, or as may be excluded) as per schedule of locations on file as of 4/5/05…

95.     The Master Policy furthermore provided that coverage for property located in foreign countries, which was excluded from coverage under the Master Policy, would be covered through insurance placed with locally admitted insurers.

96.     The language of the Master Policy which gives effect to the principle set forth in paragraph 93 of this Counterclaim is found at Paragraph 13 of the Master Policy, and states in pertinent part as follows:

> The insurance provided by this (Master) policy is not to apply as direct contributing insurance as respects loss arising from the perils insured under any applicable primary "Locally Admitted" policies.  In the event of loss from a single

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

14

Occurrence involving this (Master) policy and any applicable primary "Locally Admitted" policy(ies), the Limits of Liability payable by any combination of these policies shall not exceed the Limits/Sublimits of Liability of this (Master) policy.

It is a condition of this (Master) policy that all applicable primary "Locally Admitted" policy(ies) in force at the inception of the (Master) policy, will be maintained in full force and effect during the term of this (Master) policy. Any renewals or replacement of applicable primary "Locally Admitted" policies will not be more restrictive than the previous prevailing coverage. (emphasis supplied)

97.     Additional language in the Master Policy which implements the principle set forth in paragraph 93 of this Counterclaim is found in Paragraph 14 of the Master Policy, which is captioned "**Nonadmitted Insurance**" and states in pertinent part as follows:

The insured acknowledges and recognizes, by accepting this policy that the insurance provided by this policy may be considered to be nonadmitted insurance in some of the countries in which coverage is provided. In such countries the Insured may have to purchase compulsory insurance from locally admitted, indigenous insurance carriers and the Companies will not be responsible for any fines, penalties, taxes or other costs imposed by any jurisdiction on any party for the Insured's failure to do so.

Where this policy is nonadmitted insurance, the Companies are not responsible for providing any locally required bonds, Certificates of Insurance, Loss Payable Endorsements, Mortgagee Endorsements or any other documents as evidence of insurance.

This policy does not substitute for any local compulsory insurance which may be required by any jurisdiction and the placement of such compulsory insurance is the responsibility of the Insured or its agent. (emphasis supplied)

98.     Mexico is a country which prohibits the issuance of policies of insurance by non-admitted insurers, a fact which would have made it illegal for ACE and the subscribing insurers to directly provide coverage for Carnival's Cozumel Terminal under the Master Policy.

99.     In order to legally provide insurance coverage for Carnival's property in Cozumel, certain subscribers of the Master Policy, specifically Industrial Risk Insurers, Commonwealth, Arch, and Scor Reinsurance Company, an affiliate of General Security Indemnity Company of Arizona, (collectively, the "Reinsurers"), agreed to reinsure a policy to

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

15

be issued by a Mexican insurer, Grupo Nacional Provincial ("GNP"), which was intended to cover 60% of $10,000,000, the "Sum Insured" requested by Marsh on behalf of Carnival. Another subscriber to the Master Policy, Lexington Insurance Company, agreed to reinsure AIG Mexico, which covered the remaining 40% of the "Sum Insured" of $10,000,000.

100.    ACE did not participate in the reinsurance of the Mexican policy and did not intend to provide any insurance coverage for Carnival's properties in Mexico.

101.    On October 21-22, 2005, Carnival's property in Cozumel was damaged as a result of exposure to Hurricane Wilma.

102.    In December, 2005, and again in January, 2006, after Carnival's Cozumel property had sustained damage from Hurricane Wilma, Marsh notified GNP that it wished to amend the "Sum Insured" of $10,000,000 to reflect a higher limit of $23,734,000 for Carnival's property in Mexico on the grounds that issuance of coverage in the amount of $10,000,000 had been a mistake.

103.    The Reinsurers reluctantly agreed to Marsh's request and instructed GNP to retroactively amend the local policy to provide coverage for 60% of the higher limit of $23,734,000. The actual policy of insurance was issued by GNP in late 2006, more than a year after the loss.

104.    ACE still did not participate in the reinsurance of the Mexican policy, for which the Sum Insured had been increased at Marsh's request, nor did ACE intend to provide any insurance coverage for Carnival's properties in Mexico.

105.    The value of the loss which has been sustained as a result of Hurricane Wilma is still being calculated and adjusted but, upon information and belief, the value of the claim is estimated to be in excess of $41,000,000.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

16

106.    Carnival has presented Partial Proofs of Loss to AIG Mexico and GNP in the respective amounts of $6,000,000 and $9,000,000, along with a request for a partial advance in payment of same.  The requested partial advance was funded by the Reinsurers and paid by GNP and AIG Mexico to Carnival's Mexican subsidiary.

107.    Carnival, through its broker, Marsh, has sought coverage from ACE under the Master Policy with respect to Carnival's property in Cozumel.

108.    There presently exists a current and ongoing dispute as to whether ACE is obligated under the Master Policy to respond to any loss in Mexico.

### FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT BY ACE AGAINST PLAINTIFFS

109.    ACE repeats and re-alleges each and every allegation in paragraphs 1 through 108 with the same force and effect as if set forth at length herein.

110.    By reason of the aforementioned facts, ACE alleges that the Cozumel Property is excluded from coverage under the Master Policy, that the exclusive policy providing coverage for the Cozumel Property is the GNP policy and that Carnival's recovery for losses sustained by reason of damage caused by Hurricane Wilma to the Cozumel Terminal is limited to a maximum liability limit of 60% of the $23,734,000 provided for by the GNP policy and that a controversy exists between the parties with respect to Carnival's claim for payment of an amount in excess of the GNP policy limit.

111.    Declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

17

## SECOND CAUSE OF ACTION FOR DECLARATORY
## JUDGMENT BY ACE AGAINST PLAINTIFFS

112.    ACE repeats and re-alleges each and every allegation in paragraphs 1 through 111 with the same force and effect as if set forth at length herein.

113.    The Statement of Values submitted by Marsh to ACE and the other subscribing insurers represented that the value of Carnival's properties in Cozumel was $8,575,000 for the Old & New Marine Terminal/Installations and $18,134,000 for the Marine Terminal including valuation for potential business interruption losses.  These values were expressly incorporated in and made a part of the GNP policy.

114.    Carnival misrepresented the value of the Cozumel Property, which value ACE reasonably relied upon in good faith in its calculation of premium and the attachment point of $25,000,000, the amount at which its participation in the layers of coverage begins, as set forth in the Subscription Page annexed hereto as Exhibit A.

115.    The claim that will be submitted by Carnival, which is now estimated to be in excess of $41,000,000, will significantly exceed the values declared by Carnival in the Statement of Values furnished by Marsh to ACE in support of its application for renewal of the Master Policy.

116.    By reason of the above, a controversy exists whether a material misrepresentation of fact as to valuation of the property was made by Carnival and, if so, whether ACE is entitled to demand rescission of the Master Policy.

## THIRD CAUSE OF ACTION FOR DECLARATORY
## JUDGMENT BY ACE AGAINST PLAINTIFFS

117.    ACE repeats and re-alleges each and every allegation in paragraphs 1 through 116 with the same force and effect as if set forth at length herein.

118.    A portion of the claim submitted by Carnival includes reconstruction of the pier at the Cozumel Terminal which is used for the loading and disembarking of passengers from Carnival's vessels.

119.    Following the terrorist attack against the World Trade Center on September 11, 2001, the International Ship and Port Facility Security code ("ISPS code"), to which Mexico is a signatory, was promulgated by the Maritime Safety Committee of the International Maritime Organization ("IMO") in order to improve vessel and port security.

120.    With respect to port facilities, the ISPS Code requires that the contracting government "establish separate locations for checked and unchecked persons and their effects and if possible separate areas for embarking disembarking passengers, ship's personnel and their effects, to insure that unchecked persons are not able to come in contact with checked persons."

121.    Carnival has represented to ACE that it was not required to construct a separate pier because same had been constructed before September 11, 2001 and that the ISPS Code did not require that Carnival change the configuration.

122.    Following damage to the pier that was caused by Hurricane Wilma, Carnival's security consultant has recommended that Carnival construct a separate pier for use solely by excursion vessels ("Shorex Pier") in accordance with the ISPS Code requirements.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

19

123.    As a result of the recommendation of its consultant, Carnival has advised ACE and the other subscribing insurers that it intends to include the cost of constructing the Shorex Pier as part of its claim, the cost of which has been estimated to be at least $2 million.

124.    Upon information and belief, and contrary to the representation of its security consultant, Carnival had not been given an exemption from the construction of a Shorex Pier but had instead been given an extension of time by Mexico to construct same, and that the time to construct the Shorex Pier would have expired in 2007.

125.    By reason of the above, the cost of building the Shorex Pier is not the result of Hurricane Wilma or any other fortuitous occurrence, and should accordingly be excluded from coverage because it is an expense which Carnival would have been required to incur if the loss and damage caused by Hurricane Wilma had not occurred.

126.    Declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties with respect to the Plaintiffs' liability for payment of the cost of construction of the Shorex Pier.

## FOURTH CAUSE OF ACTION FOR DECLARATORY JUDGMENT BY ACE AGAINST PLAINTIFFS

127.    ACE repeats and re-alleges each and every allegation in paragraphs 1 through 126 with the same force and effect as if set forth at length herein.

128.    The claim submitted by Carnival seeking reimbursement for reconstruction of damaged structures has been based upon the replacement cost that is expected to be incurred.

129.    The Master Policy provides that replacement costs can be recovered only if the affected structures are rebuilt or repaired within two years from the date of the loss. Specifically, section III A of the Master Policy provides in pertinent part as follows:

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

20

**Property Valuation and** Recovery – Loss or damage shall be valued (at the time and place of the loss) as follows:

A.      Buildings and structures...if repaired, rebuilt, or replaced within two (2) years from the date of loss or damage, at the same or at another site (within the same country), the amount of recovery shall be the smaller of the following -

1.      the cost to repair, rebuild or replace on the same site with new materials of like kind and quality, whichever is the smallest; or

2.      the actual expenditure incurred in repairing, rebuilding or replacing on the same or another site, whichever is the smallest.

*          *          *          *          *

If the damaged property is not repaired, rebuilt or replaced the amount of recovery shall not exceed the actual cash value of the damaged property at the time of loss or damage after taking into account all allowances for depreciation.

130.    Upon information and belief, the construction contemplated by Carnival will not be completed by October 22, 2007, the date which is two years after the date of the loss.

131.    By reason of the above, any recovery by Carnival for damage or loss to property which has not been re-built, repaired or reconstructed before October 22, 2007 should be based upon the actual cash value of the property at the time and place of the loss.

132.    Declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties, particularly with respect to whether Carnival is entitled to recover replacement costs for the re-building and reconstruction of buildings and structures after October 22, 2007, or whether the claim should be calculated on the basis of actual cash value.

**WHEREFORE**, defendant, Illinois Union Insurance Company, respectfully requests that this Court enter judgment dismissing the Complaint and granting judgment on its Counterclaims as follows:

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

21

a.      Declaring that the Cozumel Terminal is excluded from coverage by the Master Policy and that Carnival's recovery should be limited to the liability limit of $23,734,000 provided for by the GNP policy;

b.      Declaring that Carnival had misrepresented the value of the Cozumel Terminal in the Statement of Values it submitted to ACE and the other subscribing insurers, that this constituted a material misrepresentation of fact and that ACE is entitled to rescission of the Master Policy by reason of same.

c.      Declaring that the cost of building the Shorex Pier should be excluded from coverage because it was not a fortuitous loss but, to the contrary, was an inevitable expense which Carnival would have been required to incur if the loss occasioned by Hurricane Wilma had not occurred.

d.      Declaring that any recovery by Carnival for damage or loss to property which has not been re-built, repaired or reconstructed by October 22, 2007 is limited to the actual cash value of the property at the time and place of the loss.

e.      Awarding to ACE the costs of this action and such other and further relief as the Court deems just and proper under the circumstances.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

22

Respectfully submitted,

COZEN O'CONNOR
Counsel for Illinois Union Ins. Co.
Wachovia Financial Center, Suite 4410
200 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone: (305) 704-5940
Facsimile: (305) 704-5955


By _____ *s/ Richard M. Dunn* _____
     RICHARD M. DUNN
     Fla. Bar No.: 0126953
     SHERRIL M. COLOMBO
     Fla. Bar No.: 0948799

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

23

## SERVICE LIST

### Case No. 07-21543-CIV-HOEVELER

Robert T. Wright, Esq.
RWright@Coffeyburlington.com
Coffey Burlington, PL
2699 South Bayshore Drive
Penthouse
Miami, Florida 33133
Telephone: 305-858-2900
Facsimile: 305-858-5261
Attorneys for Plaintiffs,
Carnival Corporation and Carnival, PLC


Maritza Pena, Esq.
mpena@marlowconnell.com
Marlow, Connell, Valerius, Abrams,
Adler, Newman & Lewis
4000 Ponce de Leon Boulevard
Suite 570
Coral Gables, Florida 33146
Telephone: 305-446-0500
Facsimile: 305-446-3667
Attorneys for Defendant,
Lexington Insurance Company


William R. Lewis, Esq.
WLewis@butlerpappas.com
Butler, Pappas Weihmuller,
Katz, Craig, LLP
One Harbour Place – Suite 500
777 S. Harbour Island Boulevard
Tampa, Florida 33602
Telephone: 813-281-1900
Facsimile: 813-281-0900
Attorneys for Defendants,
Arch Specialty Insurance Company
and Commonwealth Insurance Company

James V. Chin, Esq.
JVChin@RKMC.com
Robins, Kaplan, Miller & Ciresi, LLP
2600 One Atlanta Plaza
950 East Paces Ferry Road, NE
Atlanta, Georgia 30326-1119
Attorneys for Defendant,
Industrial Risk Insurers


Andrew Grant Tretter, Esq.
ATretter@Quarles.com
Quarles & Brady
1395 Panther Lane, Suite 300
Naples, Florida 34109
Attorneys for Defendant,
Marsh USA Inc.

NY247873-188522