UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-21543-CIV-HOEVELER/BROWN

_____x
CARNIVAL CORPORATION and CARNIVAL PLC,

    Plaintiffs,

    v.

INDUSTRIAL RISK INSURERS, LEXINGTON
INSURANCE COMPANY, COMMONWEALTH
INSURANCE COMPANY, ARCH SPECIALTY
INSURANCE COMPANY, GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA, SCOR
REINSURANCE COMPANY, ILLINOIS UNION
INSURANCE COMPANY, ESSEX INSURANCE
COMPANY, and MARSH USA INC.,

    Defendants.
_____x

## ANSWER OF ESSEX INSURANCE COMPANY

Defendant, Essex Insurance Company ("Essex"), by its attorneys, Cozen O'Connor, answers the plaintiffs' Complaint as follows:

1. Admits that Essex was a subscriber to a property insurance policy issued to Carnival Corporation and that the policy was in effect from May 1, 2005 through May 1, 2006. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 1 of the Complaint.

2. Denies that Essex has breached the aforementioned policy or that it refused to pay Carnival for losses and damages arising out of Hurricane Wilma. It denies each and every other allegation set forth in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

4. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Complaint.

14. Admits that Essex is a Delaware corporation with its principal place of business in Glen Allen, Virginia and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Complaint.

16. Admits that plaintiffs and Essex are citizens of different states and that the amount in controversy exceeds $75,000.00. Except as specifically admitted, it denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint.

18. Admits that it agreed to submit to the jurisdiction of any court of competent jurisdiction within the United States and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint.

22. Admits that in the spring of 2005, Carnival sought to renew a property policy with limits up to $150,000,000. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Complaint.

27. Admits that it was a subscriber to an all risk first party property insurance policy covering the period, May 1, 2005 to May 1, 2006, the terms of which speak for themselves. It denies that the policy included coverage for Carnival's properties in Mexico and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 27 of the Complaint.

28. Admits that it subscribed to an all risk first party property insurance policy that covered the period, May 1, 2005 through May 1, 2006, and that it is in possession of a copy of the policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 30 of the Complaint.

31. Admits that it was paid premium and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 31 of the Complaint.

32. Admits that the policy it issued provides certain all risk property insurance as more fully described in the policy, and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 32 of the Complaint.

33. Admits that it signed the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 33 of the Complaint.

34. Admits that the policy purports to provide total insurance coverage in the amount of $150,000,000 and that its participation began at excess of $25 million. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 34 of the Complaint.

35. It refers to paragraphs 36 through 41 of this Answer with the same force and effect as if set forth herein and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 35 of the Complaint.

36. Admits that the primary layer provides for coverage in the amount of $25,000,000, that a policy was issued by GNP covering 60% of $23,734,000 and that a policy was issued by AIG Mexico covering 40% of $23,734,000. It denies each and every other allegation set forth in paragraph 36 of the Complaint.

37. Denies the allegations set forth in paragraph 37 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 37 of the Complaint.

5

38. Admits that its participation in the second layer of the policy is 25% of $50,000,000 in excess of $25,000,000. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 38 of the Complaint.

39. It denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39 of the Complaint.

40. Admits that the master policy to which Essex subscribed, and the GNP policy, provide coverage for loss and damage to Carnival's property, where not otherwise excluded, subject to the limits of liability set forth therein and the respective terms and conditions of each policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 40 of the Complaint.

41. Admits that policy numbered ESP3446 covering the period May 1, 2005 – May 1, 2006, provides for coverage of 25% of $50,000,000 in excess of $25,000,000 and is referenced in the schedule annexed to the Complaint as Exhibit "B." It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 41 of the Complaint.

42. Admits the allegations set forth in paragraph 42 of the Complaint.

43. Admits the allegations set forth in paragraph 43 of the Complaint.

44. Admits the allegations set forth in paragraph 44 of the Complaint.

45. Denies the allegations set forth in paragraph 45 of the Complaint with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of the Complaint.

49. Admits the allegations set forth in paragraph 49 of the Complaint.

50. Admits the allegations set forth in paragraph 50 of the Complaint.

51. Denies that it has failed to recognize the full extent of its obligations under the policy it issued to Carnival. It admits that it disputes Carnival's right to payment of its losses arising out of Hurricane Wilma under the master policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 51 of the Complaint.

52. Admits the allegations set forth in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of the Complaint.

54. Admits the allegations set forth in paragraph 54 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 54 of the Complaint.

55. Denies that it has failed to honor its obligations under the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 55 of the Complaint.

### ANSWER TO COUNT I – DECLARATORY JUDGMENT

56. It repeats and realleges paragraphs 1 through 55 of this Answer in response to paragraph 56 of the Complaint, with the same force and effect as if set forth at length herein.

57. Denies the allegations set forth in paragraph 57 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 59 of the Complaint.

60. Denies that it has failed to honor its obligations under the policy it issued to Carnival and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 60 of the Complaint.

61. Admits the allegations set forth in paragraph 61 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 61 of the Complaint.

62. Admits that a judicial determination of the parties' rights and obligations under the policy is necessary at this time but reserves as to the appropriate venue for such a declaration, and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 62 of the Complaint.

## ANSWER TO COUNT II – BREACH OF CONTRACT

63. It repeats and realleges paragraphs 1 through 62 of this Answer in response to paragraph 63 of the Complaint, with the same force and effect as if fully set forth at length herein.

64. Denies the allegations set forth in paragraph 64 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 64 of the Complaint.

65. Denies the allegations set forth in paragraph 65 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 66 of the Complaint.

## ANSWER TO COUNT III – BREACH OF CONTRACT

67. It repeats and realleges paragraphs 1 through 66 of this Answer in response to paragraph 67 of the Complaint, with the same force and effect as if fully set forth at length herein.

68. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 68 through 73 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

### ANSWER TO COUNT IV – BREACH OF FIDUCIARY DUTY

69. It repeats and realleges paragraphs 1 through 68 of this Answer in response to paragraph 74 of the Complaint, with the same force and effect as if fully set forth at length herein.

70. Denies knowledge or information sufficient to form a belief as to paragraphs 75 through 79 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

### ANSWER TO COUNT V – NEGLIGENT FAILURE TO PROCURE

71. It repeats and realleges paragraphs 1 through 70 of this Answer in response to paragraph 80 of the Complaint, with the same force and effect as if set forth at length herein.

72. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 81 through 84 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

### ANSWER TO COUNT VI – NEGLIGENT FAILURE TO INFORM

73. It repeats and realleges paragraphs 1 through 72 of this Answer in response to paragraph 85 of the Complaint, with the same force and effect as if set forth at length herein.

74. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 86 through 89 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

### ANSWER TO COUNT VII – NEGLIGENT MISREPRESENTATION

75. It repeats and realleges paragraphs 1 through 74 of this Answer in response to paragraph 90 of the Complaint, with the same force and effect as if fully set forth herein.

76. Denies knowledge or information sufficient to form a belief as to paragraphs 91 through 95 of the Complaint, as these allegations have been asserted against a defendant other than Essex.

### FIRST AFFIRMATIVE DEFENSE

77. Plaintiffs fail to state a claim against defendant, Essex, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

78. Plaintiffs' claims against defendant, Essex, may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

79. If plaintiffs were damaged as alleged in the Complaint, such damages being expressly denied, then all such damages were caused and/or brought about, in whole or in part, by the affirmative wrongdoing, fault, poor business judgment, negligence and failure of due care of the plaintiffs and/or their agents and any recovery should thereby be diminished by the portion which the plaintiffs' conduct bears to that which caused the alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

80. If the plaintiffs sustained any damages as alleged in the Complaint, such damages were caused, aggravated and/or contributed to by the plaintiffs' failure to take reasonable efforts to mitigate damages, and any award to the plaintiffs must be reduced in such proportion to the extent that the damage complained of was caused, aggravated and/or contributed to by such failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

81. All defenses which have been or will be asserted by other defendants in this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to plaintiffs' Complaint. In addition, Essex will rely upon any and all other and further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves.

### SIXTH AFFIRMATIVE DEFENSE

82. The contractual relief sought in Plaintiffs' complaint is barred by the doctrine of illegality, insofar as it is illegal for Essex, which is not licensed to issue insurance in Mexico, to issue policies that provide direct coverage for property, and related losses, located in Mexico.

### SEVENTH AFFIRMATIVE DEFENSE

83. The Complaint should be dismissed on the grounds that a necessary party, Grupo Nacional Provincial, has not been named by the Plaintiffs as a defendant in this proceeding.

### EIGHTH AFFIRMATIVE DEFENSE

84. The Complaint against Essex should be dismissed; or, in the alternative, transferred to the U.S. District Court for the Southern District of New York and consolidated with a suit entitled, *Essex Insurance Company v. Carnival Corporation*, 07 Civ. 4653; or, in the alternative, stayed pending resolution of the aforementioned, earlier filed, New York proceeding.

### NINTH AFFIRMATIVE DEFENSE

85. The relief sought by Carnival is barred and/or limited by the terms and conditions of the policy issued by Essex, and the endorsements appended thereto.

**WHEREFORE**, defendant, Essex Insurance Company, respectfully requests that this Court enter judgment as follows:

a. Dismissing the Complaint; and,

b. Awarding to Essex the costs of this action and such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 6, 2007

                        COZEN O'CONNOR
                        Attorneys for Defendant
                        Essex Insurance Company

By: /s/Richard M. Dunn
     Richard M. Dunn
     Florida Bar No. 01296953
     Sherril M. Colombo
     Florida Bar No. 0984799

NEWYORK_DOWNTOWN\247565\1  188522.000

## SERVICE LIST

### Case No. 07-21543-CIV-HOEVELER

Robert T. Wright, Esq.
RWright@Coffeyburlington.com
Coffey Burlington, PL
2699 South Bayshore Drive
Penthouse
Miami, Florida 33133
Telephone: 305-858-2900
Facsimile: 305-858-5261
Attorneys for Plaintiffs,
Carnival Corporation and Carnival, PLC


Maritza Pena, Esq.
mpena@marlowconnell.com
Marlow, Connell, Valerius, Abrams,
Adler, Newman & Lewis
4000 Ponce de Leon Boulevard
Suite 570
Coral Gables, Florida 33146
Telephone: 305-446-0500
Facsimile: 305-446-3667
Attorneys for Defendant,
Lexington Insurance Company


William R. Lewis, Esq.
WLewis@butlerpappas.com
Butler, Pappas Weihmuller,
Katz, Craig, LLP
One Harbour Place – Suite 500
777 S. Harbour Island Boulevard
Tampa, Florida 33602
Telephone: 813-281-1900
Facsimile: 813-281-0900
Attorneys for Defendants,
Arch Specialty Insurance Company
and Commonwealth Insurance Company

James V. Chin, Esq.
JVChin@RKMC.com
Robins, Kaplan, Miller & Ciresi, LLP
2600 One Atlanta Plaza
950 East Paces Ferry Road, NE
Atlanta, Georgia 30326-1119
Attorneys for Defendant,
Industrial Risk Insurers


Andrew Grant Tretter, Esq.
ATretter@Quarles.com
Quarles & Brady
1395 Panther Lane, Suite 300
Naples, Florida 34109
Attorneys for Defendant,
Marsh USA Inc.

NY247873-188522